UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD ALSHADOOD,

    Plaintiff,

v.

ELIEZER JOSE CERDA GUIDO, ET AL.,

    Defendants.
_____/

Case No. 19-cv-12873

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DISMISSING CASE

On October 1, 2019, Plaintiff Mohammad Alshadood filed the instant action against Defendants Eliezer Jose Cerda Guido, Dyno Nobel, Inc., and Dyno Nobel Midamerica, Inc. Plaintiff's complaint alleges subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. *See* ECF No. 1. Plaintiff fails, however, to adequately allege the citizenship of corporate Defendants Dyno Nobel, Inc. and Dyno Nobel Midamerica, Inc.

The Court issued a show cause order regarding diversity jurisdiction on October 23, 2019. ECF No. 5. Plaintiff responded on November 1, 2019. ECF No. 6. While Plaintiff's response establishes the corporate Defendants' place of incorporation, it fails to establish their principal place of business. Thus, Plaintiff

-1-

has not sufficiently alleged Defendants' citizenship to meet the requirements for diversity jurisdiction.

Diversity of citizenship exists only when "no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp. Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). For diversity purposes, a corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

Here, Plaintiff's complaint insufficiently identifies all elements of Defendants' citizenship for diversity jurisdiction. The Court therefore issued an order to show cause why this case should not be dismissed for lack of diversity jurisdiction. In his response, Plaintiff identifies Delaware as the state of incorporation for the corporate Defendants Dyno Nobel, Inc. and Dyno Nobel Midamerica, Inc., but fails to allege the principal place of business for either corporation. Simply stating the corporate Defendants' place of incorporation is insufficient to establish diversity. Since it is unclear where the corporate Defendants' principal place of business is, it remains possible that the location of such place would destroy diversity jurisdiction.

Plaintiff has failed to show cause why this case should not be dismissed for lack of diversity jurisdiction. Accordingly, this case is DISMISSED WITHOUT PREJUDICE for lack of diversity jurisdiction.

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: November 20, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 20, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager